**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4518**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

STEPHEN J. WASHINGTON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:06-cr-00068-TSE)

Submitted:  July 10, 2009           Decided:  July 24, 2009

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Dennis M. Fitzpatrick, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Stephen J. Washington of possession with intent to distribute cocaine base, possession with intent to distribute marijuana, and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); 21 U.S.C. § 841(a)(1) (2006), and the district court sentenced Washington to a total of 130 months' imprisonment. On appeal, Washington's counsel contends that the district court erred in denying the motion to suppress drugs and firearms seized from the vehicle Washington was driving. Finding no error, we affirm.

We review the factual findings underlying the denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). The evidence is construed in the light most favorable to the prevailing party below. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

Counsel does not challenge the propriety of the traffic stop initiated by law enforcement. Rather, he asserts that the officer improperly extended the traffic stop into an unauthorized Terry[*] stop. Counsel concludes that the officer's

---

[*] Terry v. Ohio, 392 U.S. 1 (1968).

2

entry into Washington's vehicle to retrieve a partially consumed bottle of alcohol violated the Fourth Amendment and that evidence resulting therefrom should be suppressed.

"If a police officer wants to detain a driver beyond the scope of a routine traffic stop, . . . he must possess a justification for doing so other than the initial traffic violation that prompted the stop in the first place." Branch, 537 F.3d at 336. One such justification for extending a traffic stop is to investigate a reasonable suspicion of criminal activity, known as a Terry stop. Id.; see also United States v. Sokolow, 490 U.S. 1, 7 (1989) ("[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." (quoting Terry, 392 U.S. at 30)). In assessing the validity of a Terry stop, "we consider the totality of the circumstances . . . giv[ing] due weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004).

Upon initiating the traffic stop, officer Koenigsberg observed that Washington had bloodshot, watery eyes and was shaking. The officer stated that, in his experience, this was an indication of intoxication. Moreover, the officer was

3

alerted to a partially consumed bottle of alcohol located on the rear passenger side floorboard. Based on these facts, the officer had a reasonable suspicion of criminal activity, violation of Va. Code Ann. § 18.2-323.1 (2004) (prescribing rebuttable presumption that driver is drinking while operating a motor vehicle when partially consumed container of alcohol is located within passenger area and the behavior or the physical characteristics of the driver is consistent with the consumption of alcohol), that permitted the extension of the traffic stop.

However, counsel asserts that Washington did not smell of alcohol, was not slurring his speech, and was able to keep his balance. Counsel also notes that, when questioned, Washington denied that he was intoxicated and denied ownership of the bottle. Koenigsberg likewise did not administer a field sobriety test. While Koenigsberg testified on cross-examination that he did not believe Washington was drunk, he nevertheless indicated that, in his experience, Washington's physical appearance was consistent with some manner of intoxication. Thus, construing the evidence in the light most favorable to the Government, as we must, we conclude that Koenigsberg was not unreasonable in his suspicion that Washington was intoxicated.

Additionally, the officer was within the scope of the automobile exception when he initiated the warrantless entry into Washington's vehicle to retrieve the bottle. See

4

<u>Arizona v. Gant</u>, 129 S. Ct. 1710, 1721 (2009) ("If there is probable cause to believe a vehicle contains evidence of criminal activity, . . . a [warrantless] search of any area of the vehicle in which the evidence might be found[] [is authorized]."); <u>United States v. Ross</u>, 456 U.S. 798, 825 (1982) (stating automobile exception permits search that "is no broader and no narrower" than that which could be authorized pursuant to a warrant).  Therefore, the district court properly denied the motion to suppress.

Accordingly, we affirm the judgment of the district court.  We deny Washington's motion to place the appeal in abeyance and deny his motion for leave to file a pro se reply brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>