**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-4631

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARDELL JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:16-cr-00051-JAG-1)

Submitted: March 20, 2017                              Decided: May 18, 2017

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Mary E. Maguire, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Thomas A. Garnett, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mardell Johnson appeals from the criminal judgment imposed following his conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Johnson challenges the district court's denial of his motion to suppress the firearm seized during a search of the vehicle he was driving. We affirm.

In reviewing a district court's ruling on a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015), *cert. denied*, 137 S. Ct. 241 (2016). Because the Government prevailed on Johnson's suppression motion, we construe the evidence presented in the light most favorable to the Government. *Id.*

The district court determined that the warrantless search of the vehicle Johnson was driving was authorized under the automobile exception to the Fourth Amendment. Warrantless searches "are *per se* unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (internal quotation marks omitted). One exception to the warrant requirement concerns automobiles because of their inherent mobility and the risk that contraband inside the vehicle could disappear while officers obtain a search warrant. *California v. Carney*, 471 U.S. 386, 390-91 (1985). "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (per curiam) (internal quotation marks omitted). Probable

2

cause to search exists if, in light of the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Whether the warrantless search is of an automobile or of a closed container within an automobile, the limitation is the same: the scope of the search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross*, 456 U.S. 798, 824 (1982).

Johnson argues on appeal that his statement to one of the police officers that there was a gun in the vehicle he was driving must be suppressed and that, without it, there was no probable cause supporting the warrantless search of the vehicle under the automobile exception. Johnson contends that suppression of that statement is required by *United States v. Saafir*, 754 F.3d 262 (4th Cir. 2014) (per curiam).

In *Saafir*, a police officer pulled defendant's vehicle over for speeding and excessively tinted windows. 754 F.3d at 264. After instructing defendant to exit the vehicle so he could explain warning tickets he was issuing, the officer observed "a hip flask commonly used to carry alcohol" in the pocket of the driver's side door. *Id*. at 265. The officer "never confirmed that there was alcohol or anything else in the flask." *Id*. The officer asked for permission to search the vehicle, and the defendant refused consent. *Id.* Apparently relying on a state statute that makes it an infraction for any person to possess an alcoholic beverage other than in the unopened manufacturer's original container, the officer stated that the flask gave him probable cause to search the vehicle. *Id.* After the officer "declared his authority and his intent to search the car," the

defendant admitted that there might have been a firearm in the vehicle. *Id.* A search of the vehicle revealed a quantity of marijuana and a pistol. *Id.*

This court held that the search of the car was unreasonable under the Fourth Amendment because the probable cause on which the search was based was "tainted: Saafir's incriminatory statements that gave rise to probable cause to search the car were elicited in response to the officer's manifestly false assertion that he had probable cause to search the car and his suggestion that, with or without Saafir's consent, he would proceed with the search." *Id.* at 264. The officer's "independent, antecedent threat to violate the Fourth Amendment" with a false assertion of probable cause to search the car "fatally taint[ed]" both the search of the car and the seizure of the gun. *Id.* at 266.

After review of the record and the parties' briefs, we conclude that *Saafir* is distinguishable from the subject case because the police officer here did not falsely assert authority to search the vehicle Johnson was driving. The officer observed an open bottle of vodka with part of its content removed in plain view in the passenger area of the vehicle and Johnson's nervous behavior, which included very shaky hands and heavy breathing, *see United States v. Mayo*, 361 F.3d 802, 806 (4th Cir. 2004). Given that Johnson had driven the vehicle in the dark without the aid of headlights or taillights, the officer, we conclude, had probable cause to retrieve the vodka bottle and search the vehicle for evidence of a violation of Va. Code Ann. § 18.2-323.1(A) (LexisNexis 2014), which prohibits the consumption of "an alcoholic beverage while driving a motor vehicle upon a public highway." *See United States v. Moses*, 540 F.3d 263, 269 (4th Cir. 2008) ("The determination of whether probable cause exists depends on the totality of the

4

circumstances and involves a 'practical, common-sense decision whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" (quoting *Gates*, 462 U.S. at 238)); *United States v. Washington*, 439 F. Supp. 2d 589, 597 (E.D. Va. 2006) (concluding that, in presence of conduct reasonably associated with the consumption of alcohol-namely, a partially empty bottle of alcohol in plain view in the passenger area of the vehicle and the officer's observations that the defendant's eyes were bloodshot and watery and his hands were shaking-statutory presumption of § 18.2-323.1(B) provides "sufficient probable cause for the officer to retrieve the offending bottle for further investigation, particularly when the bottle is observed in plain view from the exterior of the vehicle"), *aff'd*, 338 F. App'x 316 (4th Cir. 2009) (No. 07-4518). Because the officer had probable cause to search the vehicle, his assertion of authority to do so was not false, and suppression of Johnson's statement following this assertion that there was a gun inside the vehicle is not required by *Saafir* as he suggests.[*]

Accordingly, the district court did not reversibly err in denying Johnson's motion to suppress, and we therefore affirm the criminal judgment. We dispense with oral

---

[*] Because the search of the vehicle Johnson was driving was authorized under the automobile exception, we need not address the district court's alternative determination that, even if the automobile exception did not apply, the search was an authorized protective search under *Michigan v. Long*, 463 U.S. 1032 (1983).

5

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*