COURT OF APPEALS OF VIRGINIA

Present:    Judges Beales, Ortiz and Lorish
Argued by videoconference

UNPUBLISHED

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.        Record No. 0132-22-1                    JUDGE DANIEL E. ORTIZ
JUNE 21, 2022

BOBBY EUGENE BRANCH


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Steven C. Frucci, Judge

Charles Agerter, Senior Assistant Commonwealth's Attorney (Colin
D. Stolle, Commonwealth's Attorney, on briefs), for appellant.

Kelsey Bulger, Senior Assistant Public Defender (Virginia Indigent
Defense Commission, on brief), for appellee.


Under Code § 19.2-398, the Commonwealth appeals the decision of the Circuit Court of the

City of Virginia Beach to grant Bobby Branch's motion to suppress.  On appeal, the

Commonwealth argues that the circuit court erred in suppressing evidence obtained in a search of

the vehicle Branch was driving because the officers had probable cause to search the vehicle when

they found an open container of alcohol and an amount of marijuana subject to a civil penalty.

Because we find that under the circumstances neither the open container nor the marijuana provided

the officers with probable cause to search the vehicle, we affirm the circuit court's decision.

BACKGROUND

On the night of May 15, 2021, Virginia Beach Officers Cheng and Miraglia stopped a

vehicle driving on 22nd Street in Virginia Beach for a traffic offense.  The officers decided to stop

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the vehicle because it was traveling in front of their patrol car and crossed three lanes and solid lines without signaling.[1] The officers turned on their emergency lights, and the vehicle quickly pulled over onto the shoulder of 22nd Street.

Officer Miraglia approached the driver's side of the vehicle, and Officer Cheng approached the passenger's side. Both officers wore body cameras which captured the traffic stop. While Officer Cheng spoke with the female passenger, Puerta Skinner, Officer Miraglia spoke with the driver, appellee Bobby Branch.

Officer Cheng testified he saw "an open container of some sort of liquor" near Skinner in the passenger seat when he approached the window. He saw the cap of the bottle was screwed on but noticed the bottle had some liquid missing. Officer Cheng asked Skinner to hand him the bottle, then asked for her identification. When Skinner opened her purse and wallet to get her identification, Officer Cheng saw "a green, leafy substance inside of her wallet." He remarked on the "little bit of weed" and asked Skinner for it. Officer Cheng testified he smelled marijuana when Skinner opened her purse but did not smell marijuana before. Skinner explained that she had just bought the marijuana at the Oceanfront, it was Delta 8, and she was told it was "legal." Officer Cheng explained marijuana's decriminalized status but said, "It's no big deal. I'm not going to charge you for it, okay. Thanks for being honest." After he seized the marijuana, Officer Cheng said he still smelled marijuana, though he denied smelling any marijuana in the vehicle. He asked Skinner if there were any firearms in the vehicle, and Skinner responded no. Officer Cheng then asked Skinner to step out so that he could search the vehicle.

Meanwhile, Officer Miraglia asked Branch for his driver's license and registration. Branch did not have his driver's license, so Officer Miraglia ran an identification check after Branch told

---

[1] There is a discrepancy in the officers' testimony about whether the vehicle crossed dotted or solid lines.

him his name, social security number, and date of birth. Officer Miraglia testified he cannot recall if he smelled any alcohol or marijuana during the stop. After Skinner exited the vehicle, Officer Cheng told Officer Miraglia "there's a little bit of weed, so just have him step out and pat him down." Branch said he was unaware of any weapons in the vehicle.

Officer Cheng then searched the vehicle and found a backpack on the floor behind the driver's seat. He unzipped the backpack. Inside, he found a handgun and more unburnt marijuana. Skinner said the bag was hers.

Branch moved to suppress the evidence obtained from the search of the vehicle. After a hearing, the circuit court found that the search based on the marijuana was illegal because the marijuana was only subject to a civil penalty. The circuit court stated the officers would not "be justified in searching the vehicle based on, quote, a little bit of weed, end quote, and a smell specifically in light of the code section [prohibiting a search based on the odor of marijuana]." Additionally, the circuit court found the open container did not provide probable cause for a search of the vehicle because the city code section did not prohibit the open container and there was no evidence that Branch had consumed alcohol while driving. The circuit court granted the motion to suppress.

The Commonwealth noted its pretrial appeal of the circuit court's order under Code § 19.2-398.

ANALYSIS[2]

When reviewing a trial court's decision to suppress evidence, "[w]e view the evidence in a light most favorable to [the defendant], the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067 (1991). "[F]indings of fact are entitled to a presumption of correctness unless they are plainly wrong or without evidence to support them." *Commonwealth v. Peterson*, 15 Va. App. 486, 487 (1992). As to the body camera footage, we owe deference to the trial court's interpretation of video evidence and review it "for the limited purpose of determining whether any rational factfinder could have viewed it as the trial court did." *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022). We then review *de novo* whether a search violates the Fourth Amendment under the factual circumstances. *McGee v. Commonwealth*, 25 Va. App. 193, 197 (1997) (*en banc*); *Jones v. Commonwealth*, 71 Va. App. 375, 380 (2019).

I. <u>The Fourth Amendment allows for warrantless vehicle searches supported by probable cause.</u>

"The Fourth Amendment protects individuals against unreasonable searches and seizures." *Jones*, 71 Va. App. at 380; *Collins v. Virginia*, 138 S. Ct. 1663, 1669 (2018). Warrantless searches are per se unreasonable under the Fourth Amendment, subject to a few exceptions. *Moore v. Commonwealth*, 69 Va. App. 30, 36 (2018). Specifically, vehicle searches are subject to the automobile exception due to vehicles' "ready mobility." *Collins*, 138 S. Ct. at 1669. Under the automobile exception, the search of a vehicle without a warrant is reasonable under the Fourth

---

[2] Branch argues that this Court does not have jurisdiction to hear the Commonwealth's appeal because the clerk's office improperly allowed the Commonwealth to amend its assignments of error beyond the statutory deadline. However, this Court has active jurisdiction when a party amends and corrects deficient assignments of error. *See Whitt v. Commonwealth*, 61 Va. App. 637, 656 (2013). Because we have jurisdiction given the Commonwealth's amended assignments of error, we decline to address whether the clerk's office could *sua sponte* order the Commonwealth to submit an amended brief absent a motion to amend. Any error in this regard is therefore non-jurisdictional and harmless given the outcome.

Amendment *if* supported by probable cause that the vehicle contains evidence of criminal activity. *Id.* at 1670.

Probable cause to search exists "when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Curley v. Commonwealth*, 295 Va. 616, 622 (2018) (quoting *Jones v. Commonwealth*, 277 Va. 171, 178 (2009)). In determining whether probable cause exists, we analyze how the totality of circumstances would appear to an objectively reasonable officer. *Id.*

## II. The open container did not provide the officers with probable cause.

The Commonwealth argues the officers had probable cause to search the vehicle because there was evidence Branch violated Code § 18.2-323.1. It argues the open container's close proximity to Branch, with liquid missing, provided the officers with probable cause to search the vehicle for additional open containers. Branch argues the open container alone did not establish probable cause because Code § 18.2-323.1 does not prohibit open containers, but only *consuming* alcohol while driving, and there was no evidence Branch consumed alcohol while driving.[3]

Code § 18.2-323.1 only prohibits consuming alcohol while driving, not possessing open containers in a vehicle. Code § 18.2-323.1 prohibits consuming an alcoholic beverage on the Commonwealth's public highways. It also establishes a rebuttable presumption that the driver has consumed alcohol when

> (i) an open container is located within the passenger area of the motor vehicle, (ii) the alcoholic beverage in the open container has been at least partially removed and (iii) the appearance, conduct, odor of alcohol, speech or other physical characteristic of the driver of the motor vehicle may be reasonably associated with the consumption of an alcoholic beverage.

Code § 18.2-323.1(B).

---

[3] The Virginia Beach City Code does not have a code section specifically prohibiting open containers in a vehicle.

Here, there was no evidence amounting to probable cause that Branch consumed alcohol from the open container while driving. Assuming the open container contained alcohol that was at least partially removed, the Commonwealth did not establish Code § 18.2-323.1(B)'s rebuttable presumption because the officers did not testify that Branch's appearance or conduct evidenced alcohol consumption. While Branch and Skinner both appeared nervous during the stop, they were cooperative and coherent.

Beyond failing to establish the rebuttable presumption, the Commonwealth offered no other evidence giving rise to probable cause that Branch consumed alcohol while driving. Neither officer testified he smelled alcohol during the traffic stop or that Branch was in personal possession of the open container. The open container's mere proximity to Branch alone is insufficient to establish probable cause that he drank from the container while driving. *See Whitehead v. Commonwealth*, 278 Va. 300, 313 (2009) ("mere proximity to criminal activity alone is insufficient to establish probable cause"); *see also* Code § 18.2-323.1(B) (citing proximity and an open container with alcohol removed as only two of three elements needed to establish the presumption a driver consumed alcohol). Because the open container alone was not illegal under Code § 18.2-323.1 and there was no evidence Branch consumed alcohol while driving, the officers did not have probable cause to search the vehicle for contraband or evidence of a crime relating to alcohol consumption.

III. <u>The passenger's possession of a small amount of marijuana subject to a civil penalty did not provide the officers with probable cause.</u>

The Commonwealth argues Skinner's possession of even a small amount of decriminalized marijuana, still considered contraband and in plain view of Officer Cheng, provided the officers with probable cause to search the vehicle for further contraband. It argues nothing in Code § 18.2-250.1 prohibited searches based on unlawful amounts of marijuana in plain view. Branch argues that even if evidence of a civil offense can establish probable cause, which he disputes, the

circumstances here, where a passenger possesses a small amount of decriminalized marijuana in her wallet, do not amount to probable cause to search the vehicle.

Under former Code § 18.2-250.1, in effect at the time of this search, possession of marijuana was not a crime but a "civil offense" that was punishable by "a civil penalty of no more than $25." Code § 18.2-250.1(A) (repealed effective July 1, 2021).[4] In the context of criminal warrants, Code § 19.2-53(A) states that search warrants may be issued for "[a]rticles or things the sale or possession of which is unlawful." Assuming without deciding that decriminalized, unlawful marijuana is subject to Code § 19.2-53(A) and considered "contraband" for purposes of the Fourth Amendment, the circumstances here did not provide the officers with probable cause that other contraband or evidence of a crime would be found in the vehicle.

Officer Cheng testified he searched the vehicle based on his plain view of Skinner's marijuana and the odor of marijuana he smelled upon seeing the marijuana and after seizing it. But courts have held that even illegal marijuana in a passenger's wallet cannot by itself establish probable cause that the vehicle contains contraband or evidence of a crime. *See Lowe v. State*, 835 S.E.2d 301, 306 (Ga. Ct. App. 2019) (holding that illegal marijuana in a passenger's wallet alone does not provide probable cause to search the driver's car). *Compare with State v. Brito*, 154 A.3d 535, 561-63 (Conn. App. Ct. 2017) (holding that the presence of burnt, decriminalized marijuana on the driver's person, along with the odor of marijuana and suspicious circumstances including officers' concern about weapons and the driver's drug use, provided probable cause to search the car).

While the Commonwealth relies on decisions from other state courts upholding searches based on the presence of decriminalized marijuana, including *Brito*, the unique circumstances here

_____

[4] This code section also stated that officers cannot search "any person, place, or thing solely on the basis of the odor of marijuana." Code § 18.2-250.1(F).

are nearly identical to those in *Lowe*.[5] In *Lowe*, the driver was stopped for not using a turn signal and the passenger alone possessed a small amount of marijuana in her wallet. *Lowe*, 835 S.E.2d at 459-60. No other suspicious circumstances existed. *Id.* at 463. The driver and passenger were not suspected of criminal activity, the officers did not smell marijuana inside the car, the officers did not see drug paraphernalia, and the driver and passenger were nervous but unsuspicious. *Id.* The court determined that "[o]ther than proximity there is no evidence that linked Lowe to the marijuana in the passenger's wallet" and reversed the trial court's denial of a motion to suppress.

Here, as in *Lowe*, there are no circumstances supporting probable cause to search the vehicle beyond Officer Cheng's simultaneous sight and smell of Skinner's decriminalized marijuana when she opened her purse and wallet. Skinner immediately told Officer Cheng that the marijuana was hers, she just purchased it, and she believed it was legal. Skinner never suggested Branch was involved in her purchase. The marijuana was not loose in the vehicle but contained in Skinner's wallet. Officer Cheng nonchalantly asked Skinner for the marijuana and told her it was "no big deal" and he would not charge her for it. Officer Cheng did not smell burnt or unburnt marijuana before Skinner opened her purse. Even though he testified he still smelled marijuana after seizing Skinner's marijuana, he was holding Skinner's marijuana at this time and standing outside of the vehicle. Officer Cheng denied smelling burnt or unburnt marijuana in the vehicle. Regardless,

---

[5] The dissent notes cases from other states that upheld searches based, in part, on the presence or smell of decriminalized or legal marijuana. But these cases do not suggest officers are automatically entitled to search a vehicle on this basis. Officers must have probable cause to believe that other contraband or evidence of a crime will be found in the vehicle, evaluating *the totality of circumstances*. *See People v. Hill*, 162 N.E.3d 260, 268 (Ill. 2020) (holding that the facts established probable cause when the defendant delayed in pulling over, and an officer saw a loose "bud" in the backseat and smelled a strong odor of marijuana); *People v. Zuniga*, 372 P.3d 1052, 1060 (Colo. 2016) (holding that the facts established probable cause when the driver and the defendant gave inconsistent stories and were "extremely" nervous, there was a "heavy odor" of marijuana, and a K-9 unit alerted to the back of the vehicle). This case does not present similar, suspicious circumstances supporting a belief there was other contraband inside the vehicle.

Code § 18.2-250.1(F) prohibited searches based on the smell of marijuana alone.[6] Officer Miraglia did not testify that he smelled any marijuana or saw Branch in possession of marijuana at any time during the stop.

The officers did not see any drug paraphernalia or weapons before the search. They did not believe Branch and Skinner were dangerous and articulated no suspicions of criminal activity, other than 22nd Street generally being "a high-crime area."[7] Officer Cheng described Skinner and Branch as cooperative. Officer Cheng even explicitly explained to Officer Miraglia that Branch needed to exit the vehicle so he could search it because "there's a little bit of weed," citing no other circumstances warranting the search. Therefore, the sight and smell of Skinner's small amount of personal, decriminalized marijuana contained in her wallet, without any other suspicious circumstances, did not provide the officers with probable cause to search the vehicle for other contraband or evidence of a crime.

## CONCLUSION

The totality of the circumstances did not provide the officers with probable cause to search the vehicle. Both the open container, without evidence of Branch having consumed alcohol, and Skinner's decriminalized marijuana, without evidence of suspicious circumstances or criminal activity, do not amount to probable cause to search the vehicle.

*Affirmed.*

---

[6] The Commonwealth cites decisions from other states that did not similarly prohibit officers' citing odor of marijuana alone as a basis for probable cause. *See, e.g.*, *Robinson v. State*, 152 A.3d 661 (Md. 2017); *State v. Ortega*, 749 N.W.2d 851 (Minn. Ct. App. 2008).

[7] "A person's Fourth Amendment rights are not lessened simply because he or she happens to live or travel in a 'high crime' area." *McCain v. Commonwealth*, 275 Va. 546, 553 (2008).

Beales, J., dissenting.

I respectfully dissent because I believe that the circuit court erred in granting Branch's motion to suppress the search of Branch's car.[8]

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. As the United States Supreme Court has stated, "The Fourth Amendment is not, of course, a guarantee against *all* searches and seizures, but only against *unreasonable* searches and seizures." *United States v. Sharpe*, 470 U.S. 675, 682 (1985) (emphasis in original).

The Supreme Court has repeatedly "held that the search of an automobile can be reasonable without a warrant." *Collins v. Virginia*, 138 S. Ct. 1663 (2018); *see, e.g.*, *Carroll v. United States*, 267 U.S. 132 (1925); *Brinegar v. United States*, 338 U.S. 160 (1949); *South Dakota v. Opperman*, 428 U.S. 364 (1976); *United States v. Ross*, 456 U.S. 798 (1982); *California v. Carney*, 471 U.S. 386 (1985). This is because "the inherent mobility of automobiles creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible." *Opperman*, 428 U.S. at 367. Put simply, "the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained." *Chambers v. Maroney,* 399 U.S. 42, 51 (1970). As a result, given "the impracticability of securing a warrant in cases involving the transportation of contraband goods," the Supreme Court of the United States has held that a warrantless search of an automobile supported by probable cause does not violate the Fourth Amendment. *Ross*, 456 U.S. at 806.

---

[8] Because probable cause existed, in my view, for a search of the vehicle as a result of the marijuana found, I do not reach the question of whether probable cause existed based on the Commonwealth's other argument regarding the allegedly open bottle of alcohol also found in the vehicle.

In this case, the officers searched Branch's vehicle after Officer Cheng observed marijuana on passenger Puerta Skinner's person immediately upon attempting to check her identification after the vehicle was stopped in a high-crime area after crossing multiple lanes of traffic without using a turn signal. While simple possession of a small amount of marijuana is lawful today in Virginia, however, on May 15, 2021, Code § 18.2-250.1(A) stated, "It is unlawful for any person knowingly or intentionally to possess marijuana . . . . The attorney for the Commonwealth or the county, city, or town attorney may prosecute such a case." Consequently, the possession of *any* amount of marijuana was still unlawful on May 15, 2021, when this traffic stop occurred. However, although simple possession was a civil offense at the time that the traffic stop occurred on May 15, 2021 (and the maximum punishment was a $25 civil penalty), the possession of even a small amount of marijuana was still unlawful. Code § 18.2-250.1(B) provided that "[a]ny violation of this section shall be charged by summons." Furthermore, Code § 18.2-250.1(C) provided that the procedure for misdemeanor criminal offenses should apply to these proceedings involving possession of marijuana by stating,

> The procedure for appeal and trial of any violation of this section shall be the same as provided by law for misdemeanors; if requested by either party on appeal to the circuit court, trial by jury shall be as provided in Article 4 (§ 19.2-260 et seq.) of Chapter 15 of Title 19.2, and the Commonwealth shall be required to prove its case beyond a reasonable doubt.

Code § 19.2-53(A)(2) states, "Search warrants may be issued for the search of or for specified places, things or persons, and seizure therefrom of the following things as specified in the warrant . . . Articles or things the sale or *possession* of which is *unlawful*[.]" (Emphasis added). As Code § 18.2-250.1(A) made it "*unlawful* for any person knowingly or intentionally to *possess* marijuana" at the time of this offense, Virginia statutory law in May 2021 under Code § 19.2-53(A)(2) and Code § 18.2-250.1(A) provided the basis for probable cause for vehicles to be searched at that time if marijuana was found. *See Ross*, 456 U.S. at 823 ("The scope of a

- 11 -

warrantless search based on probable cause is no narrower and no broader than the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize.").

Although the officers found additional marijuana when they searched Branch's vehicle in this case, we must determine whether the officers had probable cause to conduct that search in the first place. In making that determination, "we examine the events leading up to the [search], and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Curley v. Commonwealth*, 295 Va. 616, 622 (2018) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)). This Court must consider what the "'totality of the facts and circumstances' would have 'reasonably meant to a trained police officer.'" *Id.* (quoting *Jones v. Commonwealth*, 279 Va. 52, 59 (2010)). As the United States Supreme Court has stated, the task of making a probable cause determination "is simply to make a practical, common-sense decision" as to whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Contraband is defined as "Goods that are unlawful to import, export, produce, or possess." *Contraband*, *Black's Law Dictionary* (11th ed. 2019).

The circuit court here made an incorrect ruling based on Officer Cheng's words that he found "a little bit of weed" on passenger Puerta Skinner prior to his search of the vehicle in which she was riding in the front seat on May 15, 2021.[9] Under Virginia law at that time,

---

[9] The majority cites a case from Georgia where the Georgia Court of Appeals found that the existence of a small amount of marijuana did not give rise to probable cause for the search of the vehicle even though marijuana was a crime at the time of that search. *See Lowe v. State*, 835 S.E.2d 301 (Ga. Ct. App. 2019). However, that decision is certainly not binding on us in Virginia. Furthermore, there are others of our sister states that allow for vehicular searches based on the presence of a small amount of marijuana (analyzed among the totality of the circumstances), even if simple possession of a limited amount of marijuana is a civil offense—or even completely legal. *See People v. Hill*, 162 N.E.3d 260, 267-68 (Ill. 2020) (noting that

possession of *any* amount of marijuana was still unlawful even though such possession was only subject to a civil penalty.[10]  In this case, Officer Cheng testified that the car was pulled over in a high-crime area known for "a lot of narcotics activity"[11] and that, very shortly after the stop and his engaging Skinner in conversation, he saw Skinner in possession of marijuana.  This discovery was made within twenty seconds of when Officer Cheng walked up to the vehicle and immediately began conversation with Skinner (and within a minute after the stop was initiated), as shown on Officer Cheng's body camera video that was introduced as evidence.  When Skinner opened her wallet to show her identification in response to Officer Cheng's request for her identification, he immediately then saw marijuana in plain view inside the wallet.  Skinner was recorded on the body camera footage saying that she had just purchased the marijuana at the

---

although Illinois reduced marijuana possession of 10 grams or less to a "civil law violation," "decriminalization of possessing small amounts of cannabis did not alter the status of cannabis as contraband" and holding that "even if the officer presumed defendant was in legal possession of cannabis pursuant to the Act, the facts here established probable cause that evidence of a crime was in the vehicle"); *People v. Zuniga*, 372 P.3d 1052, 1059 (Colo. 2016) ("[E]ven though possession of one ounce or less of marijuana is allowed under Colorado law," "[m]any marijuana-related activities remain illegal in Colorado, meaning the detection of a marijuana odor – particularly a 'heavy' odor – still adds to the totality of the circumstances and can contribute to a probable cause determination.").  Consequently, caselaw from a number of other jurisdictions holds that possession of marijuana, even in a state that has made simple possession of a small amount of marijuana completely legal, certainly factors into the probable cause analysis to determine under the totality of the circumstances whether law enforcement in those states may search vehicles for additional contraband.

[10] There are two exceptions to the rule that it was unlawful to possess marijuana at that time, and Code § 18.2-250.1(A) made possession unlawful "unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by the Drug Control Act (§ 54.1-3400 et seq.)."  Neither of those exceptions applies here.

[11] While a person's Fourth Amendment rights are, of course, "not lessened simply because he or she happens to live or travel in a 'high crime' area," *McCain v. Commonwealth*, 275 Va. 546, 553 (2008), the fact that a search occurred in a high-crime-area still factors into the totality of the circumstances of a probable cause analysis because this Court must consider "what the 'totality of the facts and circumstances' would have 'reasonably meant to a trained police officer,'" *Curley*, 295 Va. at 622 (quoting *Jones*, 279 Va. at 52).

- 13 -

nearby Oceanfront area. Because marijuana was unlawful to possess when this traffic stop occurred on May 15, 2021 and was considered to be contraband, *any* possession of marijuana *at that time* would establish "a fair probability that contraband or evidence of a crime" would be found during the search of Branch's vehicle—thus providing the necessary probable cause of unlawful activity to trigger a search.[12] *Curley*, 295 Va. at 622 (quoting *Evans v. Commonwealth*, 290 Va. 277, 287 (2015)).

As a result, given the existence of probable cause to believe that the vehicle contained evidence of contraband or other unlawful activity, a warrantless search of the motor vehicle, under the automobile exception, was proper to search for additional contraband before it could be removed or otherwise disappear. *See Chambers*, 399 U.S. at 51. Consequently, I would reverse the circuit court's decision to grant Branch's motion to suppress the evidence from the vehicular search and, therefore, for all of these reasons, I respectfully dissent.

---

[12] Furthermore, the plain language of the statute, Code § 19.2-53(A)(2), authorizes the issuance of a warrant to search for "[a]rticles or things the sale *or possession* of which is *unlawful*." Therefore, at the time of the traffic stop in this case, the circumstances observed by Officer Cheng would have justified the issuance of a warrant based on Skinner's unlawful possession of marijuana. *See* Code § 19.2-53(A)(2) and Code § 18.2-250.1(A).