PRESENT: All the Justices

TYSON KENNETH CURLEY

OPINION BY
v. Record No. 170732                                ELIZABETH A. McCLANAHAN
                                                    July 26, 2018
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Tyson Kenneth Curley appeals the decision of the Court of Appeals of Virginia rejecting

his challenge to the trial court's denial of his motion to suppress and upholding his convictions

for multiple drug and firearm related offenses. Curley argues that the trial court should have

suppressed the evidence of his guilt because it was obtained during an unlawful search of his

vehicle. We conclude that probable cause existed for the search and thus affirm his convictions.

I.

On appeal from a denial of a suppression motion, we view "the facts in the light most

favorable to the Commonwealth, giving it the benefit of any reasonable inferences. This

standard requires us to give due weight to inferences drawn from those facts by resident judges

and local law enforcement officers." *Evans v. Commonwealth*, 290 Va. 277, 280, 776 S.E.2d

760, 761 (2015) (citations and internal quotation marks omitted).

So viewed, the evidence presented at Curley's suppression hearing showed the following.

Investigative Officer H. S. Wyatt of the Pittsylvania County Sheriff's Office conducted a traffic

stop of a vehicle driven by Curley for failure to display a front Virginia license plate. Exiting his

vehicle, Officer Wyatt observed Curley, the sole occupant of the vehicle, leaning over the

passenger seat. As he approached, Officer Wyatt also saw a backpack in the front passenger seat

of Curley's vehicle.

When Officer Wyatt asked Curley for his driver's license, Curley said it was located inside the backpack. Curley then took approximately thirty seconds to retrieve it. During that time, Curley was "bent all the way" over the backpack "with his chest to the top of the bag," which blocked Officer Wyatt's view of the backpack's contents. As Curley handed over his driver's license, he appeared very nervous, his hand was shaking and he was breathing heavily. Due to Curley's movements, Officer Wyatt became concerned about the possibility of weapons in Curley's vehicle and instructed Curley to place his hands on the steering wheel.

At that time, Investigative Officer J. L. Owens of the Pittsylvania County Sheriff's Office arrived to provide assistance to Officer Wyatt. After Officer Wyatt shared the details of his encounter with Curley, Officer Owens asked Curley to exit the vehicle for the officers' safety. Officer Owens then asked for consent to search Curley's vehicle, which Curley refused. When Officer Owens asked for consent to search Curley's person, Curley responded that he did not have anything illegal on him, but gave consent to be searched. During this encounter, Officer Owens observed that Curley appeared "overly nervous" and "fidgety."

In searching Curley's person, Officer Owens recovered a digital scale from Curley's right rear pants pocket. Upon inspection, Officer Owens observed "a white residue on the part of the scale where it would actually be used to weigh items." Based on his training and experience as an expert in the field of narcotics investigations, Officer Owens believed the white powder on the scale was cocaine residue.[1] Officer Owens further concluded that Curley's possession of a digital scale with white residue on it was "very consistent" with drug distribution and

---

[1] Officer Owens had nine years of experience investigating drug related offenses, and had been specifically trained in identifying illicit drugs.

inconsistent with personal use. He also concluded that the fact that Curley was not in possession of a smoking device was "very inconsistent" with personal use.

Based on Curley's furtive movements, nervous demeanor and possession of a digital scale containing suspected cocaine residue, Officer Owens conducted a search of Curley's vehicle. During this search, Officer Owens found a bag under the driver's seat containing three individually wrapped "rocks" of cocaine. Near the front passenger seat, Officer Owens also found two glass jars, each containing small amounts of marijuana, and some plastic baggies. He also found a Glock 19 nine millimeter handgun in the same location. Officer Owens then later recovered $369 in cash consisting mostly of twenty dollar bills from inside Curley's sock during a second search of his person, which, according to Officer Owens, was consistent with cocaine distribution.

Curley argued in support of his motion to suppress the contraband discovered during the warrantless search of his vehicle that the police lacked probable cause to conduct the search, thereby violating his Fourth Amendment rights. The trial court denied the motion, concluding that probable cause did exist. This ruling was expressly based on the above-described evidence of Curley's furtive movements, nervous demeanor and possession of the digital scale containing suspected cocaine residue.[2]

Preserving the right to appeal this denial of his suppression motion, Curley entered a conditional guilty plea on the charges of possession with intent to distribute cocaine, possession of a firearm by a convicted felon, possession of a firearm while in possession of cocaine with

---

[2] Curley also argued at the hearing on his suppression motion that he did not give consent to search his person based on his testimony to that effect, in conflict with the testimony of Officer Owens that he gave such consent. The trial court found that Curley did consent to search his person and he has not challenged that ruling on appeal.

intent to distribute, and possession of marijuana.[3] The trial court accepted the plea and subsequently entered an order of conviction on each of those charges.

Curley appealed the adverse ruling on his suppression motion to the Court of Appeals. A judge of the Court of Appeals denied his petition for appeal in an unpublished per curiam order. *Curley v. Commonwealth*, Record No. 0632-16-3 (September 7, 2016). In the recitation of the facts presented as support for the denial of the petition on the issue of probable cause, the order mistakenly included the discovery of the cash on Curley's person—as that occurred after the search of his vehicle and thus should not have been considered. Curley's petition was then denied by an unpublished order of a three-judge panel of the Court of Appeals for the reasons stated in the per curiam order. *Curley v. Commonwealth*, Record No. 0632-16-3 (October 17, 2016). We subsequently awarded Curley this appeal challenging the existence of probable cause.

II.

Under long-standing Fourth Amendment jurisprudence, a police officer may, before making an arrest and without obtaining a search warrant, search a vehicle involved in a traffic stop so long as the officer has probable cause to do so. *Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999); *United Sates v. Ross*, 456 U.S. 798, 804-09 (1982); *Carroll v. United States*, 267 U.S. 132, 153 (1925). A probable cause challenge to such a search triggers de novo review on appeal. *Jones v. Commonwealth*, 277 Va. 171, 177-78, 670 S.E.2d 727, 731 (2009); *McCain v. Commonwealth*, 275 Va. 546, 551-52, 659 S.E.2d 512, 515 (2008). In performing this review, "we give deference to the factual findings of the circuit court, but we independently determine

---

[3] At the time of entering the conditional guilty plea, Curley stipulated to the Commonwealth's proffer of evidence in support of these charges, including evidence of his prior felony conviction.

4

whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." *Jones*, 277 Va. at 177, 670 S.E.2d at 731 (quoting *McCain,* 275 Va. at 552, 659 S.E.2d at 515). It is the defendant's burden on appeal to establish that the denial of his suppression motion challenging the existence of probable cause was reversible error. *Glenn v. Commonwealth*, 275 Va. 123, 130, 654 S.E. 2d 910, 913 (2008).

As we recently explained in *Evans*:

> When used as a standard of calibrating certitude, "[t]he very phrase 'probable cause' confirms that the Fourth Amendment does not demand all possible precision." *Herring v. United States*, 555 U.S. 135, 139 (2009). To be sure, probable cause is "less demanding than a standard requiring a preponderance of the evidence,' *United States v. Ortiz*, 669 F.3d 439, 446 (4th Cir. 2012), and "does not demand any showing that such a belief be correct or more likely true than false," *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion).

290 Va. at 287, 776 S.E.2d at 765. Probable cause thus exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Jones*, 277 Va. at 178, 670 S.E.2d at 731 (quoting *United States v. Grubbs*, 547 U.S. 90, 95 (2006)) (standard applied to warrantless search of vehicle); *see also, e.g., United States v. Johnson*, 689 Fed. Appx. 214, 215 (4th Cir. 2017) (per curiam) (same); *United States v. Collazo*, 818 F.3d 247, 259, (6th Cir. 2016) (same); *United States v. Shackleford*, 830 F.3d 751, 753 (8th Cir. 2016) (same).

To determine whether a police officer had probable cause to conduct a warrantless search of a vehicle, as occurred here, "we examine the events leading up to the [search], and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *District of Columbia v. Wesby*, 583 U.S. ___, ___, 138 S. Ct. 577, 586 (2018) (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (internal quotation marks omitted)); *see Evans*, 290 Va. at 287, 776 S.E.2d at 765 ("[T]he proper inquiry focuses on what an objective officer could reasonably believe." (quoting *United States v. Grissett*, 925 F.2d

776, 778 (4th Cir. 1991))); *McCain*, 275 Va. at 552, 659 S.E.2d at 516 ("Review of the existence of probable cause . . . involves application of an objective rather than a subjective standard.").

It follows that in undertaking this review we must consider what the "totality of the facts and circumstances" would have "reasonably meant to a trained police officer." *Jones*, 279 Va. at 59, 688 S.E.2d at 273 (citing *Buhrman v. Commonwealth*, 275 Va. 501, 505, 659 S.E.2d 325, 327 (2008); *Brown v. Commonwealth*, 270 Va. 414, 419, 620 S.E.2d 760, 762 (2005); *Hollis v. Commonwealth*, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976)). This includes, of course, an officer's "common-sense conclusions about human behavior." *Wesby*, 583 U.S. ___, ___, 138 S. Ct. at 588 (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)).

In contravention of these principles, Curley would have us engage in an erroneous "'technical dissection' of the factors supporting probable cause," *id*. at ___, 138 S. Ct. at 588 (quoting *Gates*, 462 U.S. at 234), by viewing "each fact 'in isolation, rather than as a factor in the totality of the circumstances,'" *id*. (quoting *Pringle*, 540 U.S. at 372 n.2). Fundamentally, "[t]he 'totality of the circumstances' requires courts to consider 'the whole picture.'" *Id*. (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)). We agree with Curley only to the extent he objects to the Court of Appeals' mistaken inclusion in its probable cause analysis of the fact that Curley was in possession of cash on his person consistent with drug dealing, because that was discovered only after the search of his vehicle was conducted. Otherwise, we find no merit in Curley's attempt at a "divide-and-conquer analysis" of the facts in this case supporting the probable cause determination—an approach expressly and necessarily rejected most recently in *Wesby* based on well-settled precedent. *Id*. (quoting *United States v. Arvizu*, 534 U.S. 266, 274 (2002)).

Thus, we will not consider in isolation from one another the three main factors at play in Officer Owens' decision to search Curley's vehicle: Curley's furtive movements while in his vehicle after the traffic stop, causing Officers Wyatt and Owens to be concerned that Curley might be in possession of a weapon; Curley's overly nervous demeanor; and Curley's possession on his person of a digital scale with suspected cocaine residue, which Officer Owens opined was consistent with drug distribution. Considering these factors in their totality, through the lens of a trained police officer's view, we hold there was sufficient evidence to establish that Officer Owens had probable cause to search Curley's vehicle as there was a fair probability that contraband or evidence of a crime would be found.[4]

---

[4] Curley's reliance upon this Court's probable cause decisions in *Brown*, *Buhrman*, *Cost v. Commonwealth*, 275 Va. 246, 657 S.E.2d 505 (2008), and *Harris v. Commonwealth*, 241 Va. 146, 400 S.E.2d 191 (1991), is misplaced. The circumstances presented in each of those cases, which we held did not give rise to probable cause for the subject search or arrest, are completely distinguishable from the circumstances in the present case. In *Brown*, we held that no probable cause existed for a police officer to search the defendant's person (during which illicit drug residue was discovered) based solely on the fact that he was found asleep in his car holding a partially-burned, hand-rolled cigarette. 270 Va. at 419-22, 620 S.E.2d at 762-64. We concluded that this limited circumstance could have supported only a suspicion that the cigarette contained marijuana, but not probable cause for the defendant's arrest. *Id*. at 419-20, 620 S.E.2d at 762-63. In the present case, there were multiple significant factors supporting probable cause. Moreover, Curley consented to the search of his person, during which the digital scale containing suspected cocaine residue was discovered.

Similarly, in *Buhrman*, we held that no probable cause existed to arrest the defendant for possession of marijuana based upon a police officer's observation of hand-rolled cigarettes in the interior door handle of defendant's vehicle. 275 Va. at 504-08, 659 S.E.2d at 326-29. In doing so, we explained that there was "no meaningful distinction between the circumstances presented by this case and those at issue in *Brown*." *Id*. at 506, 659 S.E.2d at 328.

In *Cost*, we held that a police officer, during a pat-down search for concealed weapons of the defendant being detained but not arrested, unlawfully seized capsules from inside the defendant's pants pocket that were later determined to contain heroin. 275 Va. at 250-54, 657 S.E.2d at 507-09. The officer conducted the pat-down search after observing the defendant reach across his body towards his pants pocket as the officer approached the defendant sitting in his vehicle. *Id*. at 249, 657 S.E.2d at 506. As we explained, it was not "immediately apparent" from the totality of the circumstances that the capsules in the defendant's pocket were contraband—as was required under Fourth Amendment law for further search of an item on a detained suspect's person that an officer does not reasonably suspect is a weapon during a pat-down search. *Id*. at

III.

For the foregoing reasons, we affirm the judgment of the Court of Appeals upholding

Curley's convictions upon concluding that there was probable cause for the search of his vehicle.

*Affirmed*.

252, 657 S.E.2d at 252 (quoting *Grandison v. Commonwealth*, 274 Va. 316, 320, 645 S.E.2d 298, 300 (2007)).  In the present case, once again, Curley consented to the search of his person, and his furtive movements were only one of multiple significant factors giving rise to probable cause to search his vehicle.

Finally, in *Harris*, as in *Cost*, the Court held that a police officer exceeded the scope of a valid pat-down search for concealed weapons on the person of a defendant being detained during a traffic stop.  We there concluded that the officer unlawfully seized a film canister from the defendant's pocket containing white powder later identified as cocaine.  241 Va. at 151-55, 400 S.E.2d at 194-97.  We reached this decision in *Harris* because—as with the capsules seized in *Cost*—there was no probable cause to believe that the film canister or its contents constituted contraband from the limited information available to the officer at the time of the search.  *Id*. at 155, 400 S.E.2d at 196-97.