COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:     Judges Huff, O'Brien and White
Argued by videoconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION* BY
v.          Record No. 0365-22-1                JUDGE MARY GRACE O'BRIEN
                                                        AUGUST 16, 2022
MARIO NATHANIEL WHITE


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Steven C. Frucci, Judge

Brian P. Boyle, Assistant Commonwealth's Attorney (Colin D.
Stolle, Commonwealth's Attorney, on brief), for appellant.

Michelle C. F. Derrico, Senior Assistant Public Defender (Virginia
Indigent Defense Commission, on brief), for appellee.


In this pretrial appeal, the Commonwealth argues that the court erred by granting Mario

White's motion to suppress evidence seized from a vehicle in which he was a passenger. The

Commonwealth contends that the vehicle's search did not violate the Fourth Amendment

because it was supported by probable cause and thus permissible under *Carroll v. United States*,

267 U.S. 132 (1925).

Around 2:00 a.m. on July 6, 2020, Officer Sean Garvin of the Virginia Beach Police

Department was on patrol when he heard multiple gunshots and saw a car speeding away from

the location of the shots. The officer stopped the vehicle and identified the driver, Dajouniek

Wingfield, and White, the passenger. They explained to the officer that they were not involved

in the shooting but were near the area and drove away quickly to avoid the gunfire.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Office Garvin shined his flashlight in the vehicle and observed a brown cigarette that he believed contained marijuana, based on his fifteen years' experience as a police officer. There was no marijuana smell, and Officer Garvin did not examine the cigarette or field-test it. He told Wingfield and White that he found what he believed was marijuana, and White responded that he would "take the charge." The officer advised Wingfield and White that if he did not find any other marijuana in the car, he would not charge them with possession of the drug.

Officer Garvin told the other officers at the scene that he wanted to search the car for weapons. However, he advised Wingfield that he was searching for more marijuana. Wingfield did not consent to the officer's request to search the car. Officer Garvin obtained the key to the locked glove compartment, opened it, and discovered a handgun. White was charged with possession of a firearm by a felon. The officer testified at the suppression hearing that he based his search on "the marijuana that [he] observed."

The court granted the suppression motion because the law in effect at the time of the stop had reclassified marijuana possession as a civil offense, punishable by a penalty of not more than $25. *See* Code § 18.2-250.1(A) (repealed by 2021 Acts, Sp. Sess. I, chs. 550-51, cl. 3).[1] The court held that a "[r]easonable officer in this officer's shoes would not be authorized in the

---

[1] Before it was repealed in 2021, Code § 18.2-250.1 provided as follows:

> It is unlawful for any person knowingly or intentionally to possess marijuana unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by the Drug Control Act ([Code] § 54.1-3400 *et seq.*). The attorney for the Commonwealth or the county, city, or town attorney may prosecute such a case. . . . Any person who violates this section is subject to a civil penalty of no more than $25. A violation of this section is a civil offense. . . .

Code § 18.2-250.1(A) (repealed by 2021 Va. Acts, Sp. Sess. I, chs. 550-51, cl. 3).

[c]ourt's opinion to search a vehicle for . . . a civil penalty status offense. And therefore, he did not have probable cause, and so the motion to suppress is granted."

DISCUSSION

In reviewing the court's decision to grant the suppression motion, we consider the evidence in the light most favorable to White, the prevailing party below, and grant him all reasonable inferences fairly deducible from that evidence. *See Commonwealth v. Holloway*, 9 Va. App. 11, 20 (1989). "A defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that an appellate court must review *de novo* on appeal." *Commonwealth v. Robertson*, 275 Va. 559, 563 (2008). Therefore, although we consider the facts in the light most favorable to White, we apply a *de novo* standard of review to the court's application of "defined legal standards such as probable cause." *Hayes v. Commonwealth*, 29 Va. App. 647, 652 (1999).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, a valid search requires the issuance of a search warrant based on probable cause. *See id.* However, because "the ultimate touchstone of the Fourth Amendment is 'reasonableness,'" certain reasonable exceptions to the search warrant requirement are constitutionally valid. *Kentucky v. King*, 563 U.S. 452, 459 (2011) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)); *see also White v. Commonwealth*, 73 Va. App. 535, 553 (2021). The Commonwealth relies on one such exception, "the automobile exception," established in *Carroll v. United States*, 267 U.S. 132 (1925). Stated simply, the *Carroll* doctrine permits a warrantless search of a vehicle if an officer has probable cause to believe that the vehicle contains contraband. *Id.* at 149; *see also Curley v. Commonwealth*, 295 Va. 616, 621 (2018) ("Under long-standing Fourth Amendment jurisprudence, a police officer may, before

- 3 -

making an arrest and without obtaining a search warrant, search a vehicle involved in a traffic stop so long as the officer has probable cause to do so.").

"Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)); *see Curley*, 295 Va. at 622. Probable cause to search may exist when an officer, under the totality of the circumstances, has reason to believe that an individual is in possession of contraband or evidence of criminal activity. *See Jones v. Commonwealth*, 277 Va. 171, 178 (2009); *Gates*, 462 U.S. at 230-31. "To determine whether a police officer had probable cause to conduct a warrantless search of a vehicle, . . . 'we examine the events leading up to the [search], and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" *Curley*, 295 Va. at 622 (second alteration in original) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)).

Although the court granted White's suppression motion because, at the time of the stop, possession of marijuana did not carry a criminal sanction, the Commonwealth argues that the "Fourth Amendment permits a search of a vehicle when there is probable cause to believe that contraband will be found in the vehicle, regardless of any criminal penalty." On July 6, 2020, when Officer Garvin searched the vehicle, Code § 18.2-250.1 provided that possession of marijuana without a prescription was "a civil offense." *See* Code § 18.2-250.1(A) (repealed by 2021 Va. Acts, Sp. Sess. I, chs. 550-51, cl. 3). The Commonwealth contends that marijuana remained a "contraband substance" and the presence of suspected marijuana established probable cause for Officer Garvin to search the vehicle, including the locked glove compartment. The Commonwealth concedes that Officer Garvin based "the search entirely on the [suspected] presence of marijuana in the vehicle."

- 4 -

Regardless of the status of marijuana at the time of the offense, under settled precedent "probable cause cannot be established 'solely on the observation of material which can be used for legitimate purposes, even though the experience of an officer indicates that such material is often used for illegitimate purposes.'" *Buhrman v. Commonwealth*, 275 Va. 501, 506 (2008) (quoting *Brown v. Commonwealth*, 270 Va. 414, 420-21 (2005)). In *Buhrman*, the Supreme Court held that an officer's observation of a hand-rolled cigarette was insufficient to establish probable cause, despite the defendant's "acting 'intoxicated' and 'suspicious.'" *Id.*; *see also Brown*, 270 Va. at 417, 420-22 (suppressing evidence when a nineteen-year veteran police officer who had seen "over 100 hand-rolled cigarettes each containing a controlled substance" observed the defendant asleep in a car's passenger seat, holding a partially burned hand-rolled cigarette). *Cf. Williams v. Warden of Sussex I State Prison*, 278 Va. 641, 648 (2009) (distinguishing between probable cause and reasonable suspicion when an officer observes a hand-rolled cigarette).

Indeed, "[t]o support a finding of probable cause, such observations must be combined with some other circumstance indicating criminal activity." *Brown*, 270 Va. at 421. Unless the "incriminating character of the object" is immediately apparent, an officer is not authorized by any exception to the warrant requirement to conduct a search without additional information to establish probable cause. *Minnesota v. Dickerson*, 508 U.S. 366, 379 (1993). Here, as in *Buhrman*, "no other circumstances corroborated the officer's belief that the hand-rolled cigarette[] [was] being used for an illegitimate purpose." *Buhrman*, 275 Va. at 506.

The Commonwealth relies on Officer Garvin's testimony that White stated "I'll take the charge" as an admission of guilt that provided an additional basis for probable cause. However, when we consider the evidence in the light most favorable to White, the prevailing party, we do

not find his statement to be a "circumstance indicating criminal activity" justifying the probable cause to search. *Brown*, 270 Va. at 421.

Under the totality of the circumstances, Officer Garvin's belief that the hand-rolled cigarette was contraband, even combined with White's statement, failed to establish probable cause for the search. Therefore, the trial court did not err in granting White's motion to suppress.[2]

*Affirmed.*

---

[2] We note that the court granted the motion to suppress on the grounds that the officer did not have "probable cause to search [the] vehicle for a civil penalty offense." Because we find that the court reached "the right result, albeit for a different reason" and the "record supports an alternative ground," we affirm the judgment. *Vandyke v. Commonwealth*, 71 Va. App. 723, 732, 737 (2020).