COURT OF APPEALS OF VIRGINIA

**UNPUBLISHED**

Present:   Judges Beales, Huff and Chaney
Argued by videoconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE GLEN A. HUFF
FEBRUARY 14, 2023

v.      Record No. 1443-22-1

AMBRITT LAVETTE SPENCER


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Steven C. Frucci, Judge

Michael D. Defricke, Deputy Commonwealth's Attorney (Colin D.
Stolle, Commonwealth's Attorney, on brief), for appellant.

Brett P. Blobaum, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on brief), for appellee.


The Commonwealth filed this pre-trial appeal after the Virginia Beach Circuit Court (the "trial court") granted Ambritt Lavette Spencer's motion to suppress.  Police officers found Spencer ("appellee") smoking a marijuana cigarette in her car while in a hotel parking lot and subsequently searched her car.  The trial court suppressed the evidence recovered from that search because, at the time, marijuana possession was a civil offense.  On appeal, the Commonwealth contends that, while a civil offense, marijuana remained "contraband," so its presence gave the officers probable cause to search the car without a warrant under the automobile exception.

Assuming without deciding the nature of the offense makes no difference to the validity of the search, this Court concludes that—under the totality of the circumstances—the officers did not have probable cause to search the car.  Finding no error, this Court affirms.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On April 17, 2021, just after 10:00 p.m., Officer E.J. Hawker of the Virginia Beach Police Department smelled burning marijuana as she drove through the parking lot of the Red Roof Inn in Virginia Beach. Hawker parked her car without turning on the emergency lights. She exited the car and began walking through the parking lot to locate the source of the scent. She noticed a lone white sedan, with no other vehicles nearby, and began to walk toward it. Another officer approached the sedan from the passenger side.

As Hawker approached the back of the sedan, she turned on her flashlight and activated the microphone for her body camera, which was already recording. Hawker then walked to the driver's side window of the sedan. The car was running, with the driver's window cracked open, and appellee sat behind the wheel.

Hawker greeted appellee, pointed to the burning cigarette in appellee's hand, and said, "I can smell that from all the way down the road." She followed up by asking if the burning cigarette was "a little bit of weed"; appellee replied that it was, and Hawker said, "That's why I pulled over." Appellee added, "All I have is a blunt." Hawker told her that she would "have to take it" and asked her to roll the window down. Hawker began collecting appellee's information, and the officers asked her to put the cigarette down in the meantime. Appellee complied. In response to Hawker's questions, appellee explained that she and her mother were staying at the hotel.

Once Hawker finished with her questions, she then informed appellee that she was going to search the car. She pointed out to appellee that she was operating the vehicle and smoking marijuana, which could constitute a "DUI offense." Appellee responded that she had been sitting in the car for warmth and "wasn't planning on moving." When asked if she had weapons or anything else in the car, appellee said she did not.

After appellee stepped out, Hawker began her search of the car. She quickly discovered a small plastic bag and a straw, which were later determined to contain cocaine residue. The officers then placed appellee under arrest. Appellee was indicted for possession of a Schedule I or II drug—the cocaine found in the car.

On January 4, 2022, appellee moved to suppress the evidence from the search. She first argued that the officers did not have probable cause to search her car because, at that time, marijuana possession was a civil offense rather than a crime. She also asserted the search was "based solely on the odor of marijuana" in violation of former Code § 18.2-250.1(F).[1]

The Commonwealth disagreed that the civil nature of the offense made any difference to the constitutionality of the search because marijuana was still illegal, and therefore contraband, at the time. It also disputed the applicability of Code § 18.2-250.1(F) given the facts of the case.

---

[1] Subsection (F) of then-Code § 18.2-250.1, effective at the time of the search, stated:

> No law-enforcement officer[] . . . may lawfully stop, search, or seize any person, place, or thing solely on the basis of the odor of marijuana and no evidence discovered or obtained pursuant to a violation of this subsection, including evidence discovered or obtained with the person's consent, shall be admissible in any trial, hearing, or other proceeding.

This subsection was effective only from March 1, 2021, to June 30, 2021. *Compare* 2020 Va. Acts Spec. Sess. I chs. 45, 51, *with* 2021 Va. Acts Spec. Sess. I chs. 550, 551. But when it was repealed effective July 1, 2021, the General Assembly re-enacted the ban with almost identical language at Code § 4.1-1302. 2021 Va. Acts Spec. Sess. I chs. 550, 551; *see also Street v. Commonwealth*, 75 Va. App. 298, 304-05 & n.3 (2022).

At the time of the search at issue, Code § 18.2-250.1[2] generally made it "unlawful for any person knowingly or intentionally to possess marijuana."[3] The statute, however, clarified that "[a]ny person who violates this section is subject to a civil penalty of no more than $25. A violation of this section is a civil offense." *Id.* Violations of the statute were to "be charged by summons . . . executed by a law-enforcement officer when such violation [was] observed by the officer." Code § 18.2-250.1(B) (repealed by 2021 Va. Acts Spec. Sess. I chs. 550, 551).

The trial court held a hearing on the motion to suppress on September 14, 2022. The Commonwealth introduced Officer Hawker's body camera footage, and Hawker testified at the hearing, recounting the details of her interaction with appellee on the night of the arrest. Hawker testified that appellee "was very cooperative" and "was acting normal," so she did not investigate whether appellee was operating the vehicle while intoxicated.

The Court granted the motion to suppress. In its ruling, it noted that the search was "based not on odor, but odor and sight and admission of marijuana, which at the time gave rise to a civil penalty." But the court found the civil nature of the offense determinative, holding that because marijuana possession was a civil offense, it could not establish probable cause to search the car without a warrant.

The Commonwealth appealed pursuant to Code § 19.2-398.

---

[2] The iteration of the code section applicable to this case was effective from March 1, 2021, to June 30, 2021. *See* 2020 Acts, Spec. Sess. I ch. 3. Code § 18.2-250.1 was repealed in its entirety effective July 1, 2021. 2021 Va. Acts Spec. Sess. I chs. 550, 551. Now, Chapter 11 of Title 4.1 of the Code governs marijuana possession, products, and practices. *See, e.g.*, Code § 4.1-1100 (stating that generally "a person 21 years of age or older may lawfully possess on his person or in any public place not more than one ounce of marijuana or an equivalent amount of marijuana product as determined by regulation promulgated by the Board" of Directors of the Virginia Cannabis Control Authority).

[3] The statute permitted possession if "the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice" or if "otherwise authorized by the Drug Control Act (§ 54.1-3400 et seq.)." Code § 18.2-250.1(A) (repealed by 2021 Va. Acts Spec. Sess. I chs. 550, 551).

## II.  ANALYSIS

Because appellee prevailed before the trial court, this Court views the facts in the light most favorable to her, granting her all reasonable inferences that flow from those facts. *See Commonwealth v. Holloway*, 9 Va. App. 11, 20 (1989).  And the Commonwealth bears the burden of showing that, even after viewing the facts in the light most favorable to appellee, the trial court's decision to grant the "motion to suppress was reversible error." *See Branham v. Commonwealth*, 283 Va. 273, 279 (2012).

The Fourth Amendment protects people from "unreasonable searches and seizures" by the government. U.S. Const. amend. IV.  A search without a warrant is unreasonable—unless an exception applies. *McCarthy v. Commonwealth*, 73 Va. App. 630, 639 (2021).  One such exception is the automobile exception, which allows for searches of vehicles without a warrant when there is a "fair probability that contraband or evidence of a crime will be found in" the vehicle, thus establishing probable cause. *Curley v. Commonwealth*, 295 Va. 616, 622 (2018) (quoting *Jones v. Commonwealth*, 277 Va. 171, 178 (2009)).

The Commonwealth on appeal challenges the trial court's conclusion that a civil offense could not give rise to probable cause.  Assuming without deciding that the civil nature of the offense makes no difference to the validity of the search, this Court affirms for a different reason: the totality of the circumstances here did not establish probable cause to search the vehicle. *See Vandyke v. Commonwealth*, 71 Va. App. 723, 731-32 (2020) (describing the "right-result-different-reason" doctrine).[4]

---

[4] Although this Court is mindful that then-effective Code § 18.2-250.1(F) prohibited "stop[s], search[es], and seizure[s]" based "solely on . . . the odor of marijuana," *supra* n.1, the conclusion that the officers had no probable cause justifying the search obviates the need to address Subsection (F)'s applicability. *See Commonwealth v. White*, 293 Va. 411, 419 (2017) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (internal quotation marks omitted) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))).

Under the automobile exception, the officers could search the car only if they had probable cause. *Curley*, 295 Va. at 621. Whether probable cause exists is a question this Court reviews de novo by "examin[ing] the events leading up to the [search], and then decid[ing] whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Id.* at 622 (second alteration in original) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 587 (2018)).

The probable cause inquiry demands a review of the "totality of the circumstances." *Brown v. Commonwealth*, 270 Va. 414, 419 (2005). "Because probable cause 'deals with probabilities and depends on the totality of the circumstances,' it is 'a fluid concept' that is 'not readily, or even usefully, reduced to a neat set of legal rules.'" *Wesby*, 138 S. Ct. at 586 (first quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003); and then quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)).

Accordingly, "for the most part[,] *per se* rules are inappropriate in the Fourth Amendment context." *See United States v. Drayton*, 536 U.S. 194, 201 (2002); *Cunningham v. Commonwealth*, 49 Va. App. 605, 616-17 (2007) ("The Fourth Amendment's search warrant determination . . . is not easily amenable to *per se* rules."). In light of those considerations, courts review the totality of the circumstances by "consider[ing] the whole picture"—not just one "fact in isolation." *Curley*, 295 Va. at 623 (quoting *Wesby*, 135 S. Ct. at 588).

The Commonwealth insists on brief—and reiterated at oral argument—that the presence of the marijuana cigarette alone established probable cause to search for more marijuana. But probable cause requires a review of the totality of the circumstances, and here a full review of the facts shows there was no fair probability that the car contained additional contraband or evidence of a crime.

Officer Hawker was drawn to appellee's car in the hotel parking lot specifically because of the odor of burning marijuana. In addition, the officers initiated their interaction with appellee without the necessity of making a traffic stop for any infraction on a public road. Appellee was

- 6 -

instead legitimately parked in a parking space on private property—a hotel where she was a guest and had a room. She was not in a "high-crime area." Nothing indicated that she had been driving recently, and she even told the officers she did not plan on driving anywhere.

The officers did not think appellee was dangerous; on the contrary, Officer Hawker described appellee as "cooperative" and "acting normal"—and the body-cam video confirms as much. Appellee followed all directions, stepping out of the car when asked. She never tried to hide the cigarette or anything else from the officers, nor did she make any other furtive movements. She answered the officer's questions, even admitting the cigarette she held contained marijuana. She also told the officers, "All I have is a blunt," and gave no indication that she had recently purchased the marijuana unlawfully. Nor did the officers note any other circumstance—other than the cigarette—suggesting the car contained additional contraband, let alone evidence of a crime.[5] They saw no other drugs or drug paraphernalia in plain sight, noticed no weapons, and detected no additional scent of marijuana coming from the car.

---

[5] While the officers suggested during their interaction that appellee might be committing a DUI, *see* Code § 18.2-266 (driving while intoxicated statute), Officer Hawker admitted in her testimony that appellee "was acting normal," so she saw no need to initiate a DUI investigation. That fact suggests there was no probable cause to believe she was intoxicated. Moreover, under the facts of this case, it is not clear what evidence of a DUI the officers would have probable cause to search for other than the burning cigarette in appellee's hand, which they could already seize. *See Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993) (explaining that, under the plain view doctrine, "if police are lawfully in a position to view [contraband], if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant"); *see also* Code § 19.2-386.23 ("All controlled substances, [including] marijuana, . . . the lawful possession of which is not established or the title to which cannot be ascertained, which have come into the custody of a peace officer or have been seized in connection with violations of Chapter 7 (§ 18.2-247 et seq.) of Title 18.2, shall be forfeited and disposed of . . . ."). The only reason the cigarette remained in the car was because the officers asked appellee to put it down in the car.

Regardless of those considerations, the Commonwealth, as appellant in this matter, has not argued on appeal that the possibility of a DUI offense provided probable cause for the search. *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) ("[W]here a party fails to develop an argument in support of his or her contention . . . , the issue is waived." (*Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010))).

Taken together, these circumstances did not create a fair probability that the car contained other contraband. The Commonwealth has failed to articulate any other circumstances contributing to a probable cause finding, instead relying on the assumption that a reasonable officer in this scenario could infer from the burning marijuana cigarette alone, without additional circumstances, that appellee had more marijuana in the car. Such guesswork without additional facts, as is the case here, would amount to nothing more than a suspicion—and "probable cause requires more than a strong suspicion." *Whitehead v. Commonwealth*, 278 Va. 300, 315 (2009). This Court refuses to put that much weight on a single "fact in isolation" rather than "consider[ing] the whole picture." *Curley*, 295 Va. at 623 (internal quotation marks omitted) (quoting *Wesby*, 135 S. Ct. at 588). And considering the totality of the circumstances of this particular case, the officers did not have the requisite probable cause to search the car without a warrant.

### III. CONCLUSION

For the foregoing reasons, this Court finds no error in the trial court's ruling and affirms.

*Affirmed.*