COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, Athey and Fulton
Argued by videoconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.        Record No. 0359-23-2                    JUDGE GLEN A. HUFF
JULY 18, 2023

MITCHELL CORLEONE HUDSON, JR.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Jacqueline S. McClenney, Judge

Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
Attorney General; Robert D. Bauer, Assistant Attorney General, on
briefs), for appellant.

Abigail L. Paules (David Whaley LLC, on brief), for appellee.


Mitchell Corleone Hudson, Jr. ("appellee"), along with four others, was indicted for

first-degree murder and related charges in the Richmond Circuit Court (the "trial court").[1]

Before trial, he filed a motion to suppress all evidence derived from a cell phone seized during a

traffic stop of a car in which he was a passenger. The trial court granted his motion and

suppressed the evidence. The Commonwealth filed this pre-trial appeal challenging that

decision. Because police officers justifiably seized the phone as evidence of a crime, this Court

reverses the trial court's suppression of the evidence.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Appellee and two additional defendants did not waive their speedy trial rights, while the
other two defendants did. Accordingly, the trial court joined each group to be tried in two
separate trials. However, the Commonwealth filed three separate notices of appeal—for
appellee's case and those of his two co-defendants—moving this Court to consolidate the cases
into one appeal. A three-judge panel of this Court dismissed the appeals as to appellee's two
co-defendants for lack of jurisdiction under Code § 19.2-398(A)(2).

BACKGROUND

On September 22, 2022, Henrico County Police Department officers saw appellee get in the back passenger seat of an already-occupied sedan. Five people were in the car: appellee sat in the back-right passenger seat with a man and woman in the seats to his left, while a woman sat in the driver's seat, and a man sat in the front passenger seat. The officers knew appellee had an outstanding warrant for misdemeanor trespass and another passenger had a warrant for failing to appear in court. Multiple police cars stopped the sedan to execute the warrants. The officers conducting the stop got out of their cars, approached the sedan with their guns drawn, and ordered everyone out of the sedan.

The officers immediately arrested appellee. When they searched him, they found he was carrying a "digital scale" with a "white powder substance" on it. During the stop, the officers had a K-9 trained in drug detection scan the outside of the car. When the dog alerted to the car— indicating the presence of illegal drugs—the officers began to search the car.

The officers found various items of interest inside. On the floorboard in front of appellee's seat, they found a .45 caliber Glock 21 handgun. Next to it, they found a tote bag, which held four cell phones. In the back-left passenger seat lay "a Disney character Snow White backpack that had marijuana in it." The officers also recovered two more handguns from the car: a 9-millimeter Glock 45 (found on the back floorboard) and a 9-millimeter Springfield XD (under the front passenger seat). Another backpack found in the car also contained marijuana. In total, the marijuana recovered weighed "about a pound and a quarter" and "was divvied up and distributed in little baggies."

Six phones in total were recovered, some of which were claimed by the car's five occupants. In addition to the four phones in the tote bag, a fifth phone was found in the center console (which the female driver claimed), while the sixth phone was found on the male passenger who sat in the

front seat. At the scene, the woman who had been sitting in the back passenger seat claimed the tote bag and one of the four phones inside; she said none of the other three phones in the bag belonged to her, and she did not know how they got inside the bag. With her permission, investigators retained her phone as well as the three remaining unclaimed phones from the bag. One of the seized phones from the bag—the phone at issue in this appeal—had a picture of appellee as the lock screen, but appellee never claimed any of the phones, nor was he carrying one when he was arrested.

After officers arrested appellee, took him to police headquarters, and gave him his *Miranda*[2] warnings, appellee invoked his right to have his attorney present for questioning. An investigator then immediately asked him if any of the unclaimed phones belonged to him. He replied, "No."

Investigators later obtained a search warrant for the phone at issue and then a subsequent search warrant for the phone's records from T-Mobile. Appellee was then indicted on multiple charges alleging his involvement with the alleged murder.

Arguing the officers improperly seized the phone during the search of the car, appellee moved to suppress all evidence derived from the phone. In response, the Commonwealth argued appellee had not borne his burden of establishing Fourth Amendment standing to challenge the phone's seizure. It pointed to the fact that multiple people were in the car and appellee never claimed he owned one of the phones. In fact, appellee affirmatively disclaimed ownership of the phone when asked. At the hearing on the motion, a detective testified for the Commonwealth; citing his training and experience, he explained that cell phones, in conjunction with other evidence, can indicate drug distribution.

The trial court issued an order granting the motion to suppress. In its order, the court explained the search of the car was conducted pursuant to "the automobile exception and . . .

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

probable cause supplied by the K-9," but it found the seizure of the phone improper. The court first found appellee had standing to challenge the seizure under the "totality of the circumstances." It then applied the plain-view doctrine. Although the court acknowledged the detective's testimony that cell phones can sometimes serve as evidence of drug distribution, it concluded that because "cell phones are ordinary items which are legal to possess and have legitimate purpose," the phone could not be seized under the plain-view doctrine. The court thus ruled inadmissible the phone and any evidence obtained as a result of its seizure.

The Commonwealth filed a motion to reconsider in which it argued the trial court erred in finding appellee had standing. It also asserted the officers had probable cause to seize the cell phone. The trial court denied the motion to reconsider, and the Commonwealth appealed pursuant to Code § 19.2-398.

ANALYSIS

Because appellee prevailed before the trial court, this Court views the facts in the light most favorable to him, granting him all reasonable inferences that flow from those facts. *See Commonwealth v. Holloway*, 9 Va. App. 11, 20 (1989). In reviewing the trial court's grant of the motion to suppress, this Court "give[s] deference to the factual findings of the circuit court, but . . . independently determine[s] whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." *Curley v. Commonwealth*, 295 Va. 616, 621 (2018) (quoting *Jones v. Commonwealth*, 277 Va. 171, 177 (2009)). The Commonwealth must show the trial court's decision to grant the "motion to suppress was reversible error." *See Branham v. Commonwealth*, 283 Va. 273, 279 (2012).

- 4 -

The trial court and the parties spent much discussion on the issue of Fourth Amendment standing.[3] However, this Court need not address appellee's standing because, assuming without deciding that appellee has standing to challenge the seizure of the phone, the officers had probable cause to search the car and seize the phone. *Commonwealth v. White*, 293 Va. 411, 419 (2017) (emphasizing courts should "decide cases 'on the best and narrowest grounds available'" (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))).

In its order granting the motion to suppress, the trial court explained the search of the car was conducted pursuant to "the automobile exception" to the warrant requirement and "probable cause supplied by the K-9."[4] Appellee, of course, challenged only the seizure of the phone during the search—not the search of the car more generally. *See Atkins v. Commonwealth*, 57 Va. App. 2, 11 (2010) (holding a passenger, with no "property nor . . . possessory interest in the" car, had no standing to challenge the search of the car (citing *Rakas v. Illinois*, 439 U.S. 128, 148 (1978))). Nor did he challenge the search of the phone's contents.

Yet although the trial court acknowledged the search was conducted under the automobile exception, it concluded the plain-view doctrine did not justify the seizure of the phone. That conclusion was error.

---

[3] The trial court determined that appellee's express statement disclaiming ownership of the phone was inadmissible because the investigators continued questioning appellee after he requested counsel in violation of *Miranda*. *See also Edwards v. Arizona*, 451 U.S. 477, 485 (1981) ("[I]t is inconsistent with *Miranda* and its progeny for the authorities[] . . . to reinterrogate an accused in custody if he has clearly asserted his right to counsel."). Nonetheless, the trial court concluded that, even were it to consider the statement, it would still hold appellee had a protected interest in the phone.

[4] Although warrantless searches are per se unreasonable under the Fourth Amendment, the automobile exception stands as one of many exceptions. *Curley*, 295 Va. at 622; *McCarthy v. Commonwealth*, 73 Va. App. 630, 639 (2021). Under that exception, "[p]robable cause to believe that an automobile contains contraband or evidence of criminal activity . . . justif[ies] a warrantless search of the automobile and seizure of the contraband." *United States v. Shackleford*, 830 F.3d 751, 753 (8th Cir. 2016).

The plain-view doctrine allows police, under certain circumstances, to seize contraband or evidence of a crime lying in plain view without a warrant. *Cauls v. Commonwealth*, 55 Va. App. 90, 97-100 (2009). The plain-view doctrine "is exclusively a *seizure* rationale," and thus applies only when there is "a properly issued and executed [search] warrant or some other properly applied exception to the warrant requirement." *Id.* at 98-99. Specifically, the plain-view doctrine requires

> 1) that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, 2) that the incriminating character of the evidence must be immediately apparent, and 3) that the officer must have a lawful right of access to the object itself.

*Id.* at 99 (emphasis omitted) (quoting *Vaughn v. Commonwealth*, 53 Va. App. 643, 648 (2009)).

In this case, the automobile exception to the warrant requirement provided the justification to search throughout the car for evidence of narcotics, satisfying the plain-view doctrine's first and third requirements. *See California v. Acevedo*, 500 U.S. 565, 580 (1991) (explaining the automobile exception allows for the search of "containers within [the car] where [officers] have probable cause to believe contraband or evidence is contained"). That leaves only the question of whether the phone's "incriminating character" was "immediately apparent." *Cauls*, 55 Va. App. at 99 (emphasis omitted) (quoting *Vaughn*, 53 Va. App. at 648).

In assessing an object's "incriminating character," the probable cause standard applies. *Conway v. Commonwealth*, 12 Va. App. 711, 721 (1991) (en banc) ("[T]o lawfully seize an item under the plain view exception to the warrant requirement, the officer must have probable cause to believe that the item in question is evidence of a crime or contraband." (citing *Arizona v. Hicks*, 480 U.S. 321, 323, 326-27 (1987))). Evaluating probable cause demands a review of the totality of the circumstances. *Brown v. Commonwealth*, 270 Va. 414, 419 (2005).

The trial court focused only on the fact that a cell phone, on its own, is a common, unsuspicious item. That approach, however, fails to consider the totality of the circumstances—and here, the totality of the circumstances gave the officers probable cause to believe the unclaimed phone was evidence of a crime. *Accord, e.g.*, *United States v. Henry*, 827 F.3d 16, 28 (1st Cir. 2016) (affirming a seizure of cell phones under the plain-view doctrine because officers had "probable cause to believe that [seized] phones likely had evidentiary value in the investigation of the suspected crimes").

The search of the car yielded three handguns and two bags containing 1.25 pounds of marijuana. Moreover, appellee was carrying a scale with a white, powdery residue. Those circumstances already raised the possibility that those items were related to drug distribution. On top of that, there were six phones in the car and only five occupants. Of the four phones in the tote bag, only one was claimed. As the trial court acknowledged, a detective testified that cell phones, in conjunction with other evidence, can sometimes indicate drug distribution. Indeed, the law has consistently recognized as much. *See, e.g.*, *White*, 293 Va. at 424 (finding "overwhelming" evidence of guilt to support intent-to-distribute conviction, which included "two cell phones, which indicates distribution because, as the expert testified, dealers typically use one cell phone as a 'drug work phone' and the other as a 'personal phone'"); *accord* Model Jury Instrs.—Crim. No. 22.350 (including as an indicia of intent to distribute, inter alia, "the presence of a pager or electronic communications device").

The trial court correctly noted that a cell phone alone is typically a common, unsuspicious item. But considering the totality of the circumstances here—including the guns and marijuana found in the car, the number of phones, and the fact that three phones went unclaimed—an officer could reasonably conclude the unclaimed phone at issue was evidence of a crime and seize it.

CONCLUSION

The officers had probable cause to seize the cell phone as evidence of a crime. The trial court therefore erred in granting appellee's motion to suppress.

*Reversed and remanded.*