COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Friedman and Senior Judge Petty

MICHAEL ANTHONY THOMPSON

MEMORANDUM OPINION[*]

v.      Record No. 0911-24-1                      PER CURIAM
                                                   JULY 8, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Mary Catherine Talbott,
Assistant Attorney General, on brief), for appellee.

Following a conditional guilty plea, the trial court convicted Michael Anthony Thompson

("appellant") of possession of a firearm by a convicted felon. On appeal, appellant contends that

the trial court erred in denying his motion to suppress. Finding no error, we affirm the trial

court's judgment.[1]

BACKGROUND

"On review of the denial of a motion to suppress, we view the evidence in the light most

favorable to the Commonwealth." *Adams v. Commonwealth*, 48 Va. App. 737, 741 (2006).

On May 25, 2017, Detective Nathan Robertson and Officer Christopher Bishop of the

Hampton Police were both assigned to the special investigation unit under the gun crime task

force. Robertson was "pretty senior" on the task force, while Bishop was new to the unit. While

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

on patrol, Bishop stopped appellant's car for a defective tag light. Bishop approached the car on the driver's side, and Robertson approached on the passenger's side.

As Bishop collected appellant's driver's license, Robertson noticed an odor of marijuana emanating from appellant's car. Robertson also saw what looked like "the indentation of a semi-automatic firearm" in the right pocket of appellant's jeans. Robertson asked Bishop to walk around to the passenger's side to see if he smelled anything. After he did so, Bishop was unsure whether he could smell marijuana, but Robertson insisted he take a position one way or the other. Bishop said the odor was "faint," but agreed that appellant appeared to have a firearm.

The officers asked appellant to step out of the car and detained him. After Bishop read appellant his *Miranda*[2] warnings, Robertson asked if he had a firearm in his pocket, to which appellant responded affirmatively. Bishop recovered the weapon and, when asked, appellant admitted that he had been convicted of a felony. Robertson searched appellant's vehicle and found marijuana, but not enough to charge appellant with possession.

Appellant moved to suppress the evidence obtained from the search of his car. He argued that the officers did not have probable cause to search because only one of them affirmatively testified that he smelled marijuana. The Commonwealth responded that even if that were not enough to support a search, both officers observed what appeared to be a concealed weapon in appellant's pocket, providing an additional reason to search. The trial court found that Robertson, who was the "more seasoned" and "more experienced" officer, smelled marijuana and ruled that this gave him probable cause to search. Accordingly, the court denied the motion to suppress.

Appellant entered a conditional guilty plea under Code § 19.2-254, preserving his right to appeal the trial court's ruling on his suppression motion. This appeal followed.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

ANALYSIS

On appeal, appellant contends that the trial court erred in denying his motion to suppress, because the officers lacked probable cause to search his car.

"In reviewing a trial court's denial of a motion to suppress, 'we determine whether the accused has met his burden to show that the trial court's ruling, when the evidence is viewed in the light most favorable to the Commonwealth, was reversible error.'" *Knight v. Commonwealth*, 71 Va. App. 771, 782 (2020) (quoting *Cantrell v. Commonwealth*, 65 Va. App. 53, 56 (2015)). "The question of whether a search or seizure violated the Fourth Amendment is 'a mixed question of law and fact that we review *de novo*' on appeal." *Hairston v. Commonwealth*, 67 Va. App. 552, 560 (2017) (quoting *Harris v. Commonwealth*, 276 Va. 689, 694 (2008)). In so doing, we are "bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence," and "we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." *Id.* at 561 (first quoting *Malbrough v. Commonwealth*, 275 Va. 163, 168 (2008); and then quoting *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (en banc)). However, "we independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." *Curley v. Commonwealth*, 295 Va. 616, 621 (2018) (quoting *Jones v. Commonwealth*, 277 Va. 171, 177 (2009)).

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. "[W]arrantless searches are *per se* unreasonable, subject to a few specifically established and well-delineated exceptions." *Parady v. Commonwealth*, 78 Va. App. 18, 28-29 (2023) (alteration in original) (quoting *Megel v. Commonwealth*, 262 Va. 531, 534 (2001)). The Commonwealth has the burden of establishing that an exception to the warrant requirement applies to the facts at hand. *Megel*, 262 Va. at 534. One long-standing exception to the warrant requirement is the automobile exception. *Carroll v. United States*, 267 U.S. 132, 149 (1925);

- 3 -

*Duncan v. Commonwealth*, 55 Va. App. 175, 179-80 (2009). "[A] police officer may, before making an arrest and without obtaining a search warrant, search a vehicle involved in a traffic stop so long as the officer has probable cause to do so." *Curley*, 295 Va. at 621. "[P]robable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Jones*, 277 Va. at 178 (alteration in original) (quoting *United States v. Grubbs*, 547 U.S. 90, 95 (2006)).

This traffic stop occurred in 2017. At that time, possession of marijuana was still a criminal offense in Virginia and it was well established that the odor of marijuana provided probable cause for a search.[3] At the suppression hearing, Robertson testified unequivocally that he detected an odor of marijuana emanating from appellant's car. That alone provided the officers with probable cause to believe that appellant was committing the crime of possessing marijuana. Accordingly, Robertson had sufficient probable cause to search of his vehicle.

Further, we reject appellant's argument that the officers lacked probable cause because Bishop detected only a "faint" or "borderline" smell of marijuana. The trial court made the factual finding that Robertson "did detect the odor of marijuana" coming from appellant's car and that Robertson was the "more seasoned" and "more experienced" officer. The trial court further found

---

[3] At the time of the search, the law in Virginia was that "the detection of the odor of burning marijuana . . . by a credible law enforcement officer who is familiar with its smell[] provides that officer with probable cause to believe contraband is present." *Cherry v. Commonwealth*, 44 Va. App. 347, 357-58 (2004); *see Bunch v. Commonwealth*, 51 Va. App. 491, 496 (2008) ("Under the Fourth Amendment, 'probable cause may be supported by the detection of distinctive odors.'" (quoting *United States v. Haynie*, 637 F.2d 227, 234 (4th Cir. 1980))). Effective March 1, 2021, Code § 18.2-250.1 was amended to include subsection (F), which prohibited searches based solely on the odor of marijuana and made evidence inadmissible that was discovered during such a search. 2020 Va. Acts Spec. Sess. I chs. 45, 51. A few months later, effective July 1, 2021, Code § 18.2-250.1 was repealed and the language previously found in subsection (F) was recodified at Code § 4.1-1302, with the additional provision that no search warrant may issue based solely on the odor of marijuana. 2021 Va. Acts Spec. Sess. I chs. 550-51. This Court held in *Montgomery v. Commonwealth*, 75 Va. App. 182, 200 (2022), that the prohibition contained in subsection (F) does not apply retroactively to searches that occurred before the amendment of Code § 18.2-250.1.

that Bishop seemed to be "greener and unsure really as to what [was] going on" and "in the process of learning." We will not disturb those findings on appeal, for "issues of witness credibility and the weight afforded a witness'[s] testimony 'are matters solely for the fact finder[,] who has the opportunity to see and hear that evidence as it is presented.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 239 (2022) (second alteration in original) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 486 (2018)). Accordingly, the trial court did not err in finding that the officers had sufficient probable cause to search both appellant's car and his person under the applicable law at the time of the search.

After appellant was out of the car,[4] Robertson inquired about the bulge in his pocket. Appellant confirmed that he had a firearm and further admitted that he had been convicted of a felony. That information provided the officers with probable cause to arrest appellant for the crime of possessing a firearm as a convicted felon. In fact, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may,

---

[4] The officers were also permitted to ask appellant to exit the car. In fact, "[i]t is well established that a police officer making a routine traffic stop may order a passenger out of the car for safety reasons, even if the officer has no reason to suspect the passenger of criminal behavior." *Atkins v. Commonwealth*, 57 Va. App. 2, 16 (2010). Here, Robertson and Bishop had probable cause to believe that appellant was in possession of marijuana, which was a criminal offense at the time. They therefore had good reason to ask him to exit his car so they could search it. *Hairston*, 67 Va. App. at 561 ("A law enforcement officer has a legitimate constitutional basis for seizing a person if the officer has either reasonable suspicion or probable cause to believe, 'based on objective facts, that the [person] is involved in criminal activity.'" (alteration in original) (quoting *Whitaker v. Commonwealth*, 279 Va. 268, 274 (2010))). That Robertson and Bishop did not find enough marijuana to arrest appellant for possession of that substance does not alter our analysis. *See generally Tizon v. Commonwealth*, 60 Va. App. 1, 16 (2012) (noting that "probable cause" does not "demand any showing that such a belief be more correct or more likely true than false" (quoting *Joyce v. Commonwealth*, 56 Va. App. 646, 659 (2010))); *Powell v. Commonwealth*, 57 Va. App. 329, 335 (2010) (explaining that "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the probable-cause decision" (alteration in original) (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003))).

without violating the Fourth Amendment, arrest the offender." *Hairston*, 67 Va. App. at 562 (quoting *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)).

The police had probable cause to search appellant's car, and later to arrest him for possession of a firearm by a convicted felon. We thus find no error in the trial court's denial of the motion to suppress.

CONCLUSION

For these reasons, we affirm the judgment of the trial court.

*Affirmed.*